NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0580n.06

Case No. 16-4015

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 16, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR |
| ) | THE NORTHERN DISTRICT OF |
| JESSE J. PAWLAK, ) | OHIO |
| ) | |
| Defendant-Appellant. ) | |
| ) | |
| _____ ) | |

Before: KEITH, ROGERS, and McKEAGUE, Circuit Judges.

DAMON J. KEITH, Circuit Judge. Appellant Jesse J. Pawlak pled guilty to four counts of unlawful possession of a firearm or ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced by the district court to 105 months of incarceration. Pawlak appealed. We vacated his convictions and remanded the case to the district court for resentencing. *See United States v. Pawlak*, 822 F.3d 902, 913 (6th Cir. 2016), *abrogated by Beckles v. United States*, 137 S. Ct. 886 (2017).[1] On appeal, Pawlak challenges the sentence imposed by the district court on remand, claiming that the district court erred in failing to

---

[1] The Supreme Court in *Beckles* granted certiorari to resolve a conflict among the Courts of Appeals regarding the question of whether the residual clause of U.S.S.G. § 4B1.2(a) was void for vagueness post-*Johnson*. The Court ultimately determined that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause[,]" thus, "[t]he residual clause in § 4B1.2(a)(2) . . . is not void for vagueness." *Beckles*, 137 S. Ct. at 892.

conduct a full resentencing hearing and impermissibly limited the scope of reconsideration on remand.

I.

On September 9, 2014, Pawlak was indicted by a grand jury on three counts of unlawful possession of a firearm by a felon. He was later charged, by superseding indictment, with a fourth count of the same offense, for the sale of firearms to an undercover officer. On December 15, 2014, Pawlak pled guilty to the superseding indictment and was sentenced by the district court to 105 months of incarceration.[2] Pawlak timely appealed. On appeal, Pawlak raised an issue of first impression before this court, arguing that the residual clause of the United States Sentencing Guidelines ("the Guidelines") § 4B1.2(a) (career offender clause) was unconstitutionally vague in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Additionally, Pawlak challenged the district court's application of U.S.S.G § 2K2.1(b)(5) ("Section 2K2.1(b)(5)"), which provides for the application of a four-level enhancement to the offense calculation for trafficking a firearm.

This court, without opposition from government counsel, concluded that the Guidelines' residual clause, which mirrored the language invalidated in *Johnson*, was unconstitutionally vague. Accordingly, we remanded for resentencing, finding that "Pawlak's Ohio third-degree

---

[2] During the first sentencing hearing, Pawlak's presentence investigation report categorized his offense level at 26, pursuant to U.S.S.G § 2K2.1(a)(1), because of Pawlak's prior convictions for third-degree burglary and drug trafficking, and the use of a semiautomatic weapon during the commission of the underlying offense. An additional two-level enhancement was recommended by the probation officer for the number of firearms involved, after a three-level reduction was applied for acceptance of responsibility. Pawlak's criminal history category was calculated as a category IV. The government then objected to the probation officer's recommendation and requested that a four-level enhancement for trafficking firearms be imposed under Section 2K2.1(b)(5). The court granted the government's request, concluding that Pawlak knew he was transferring weapons to a person who would possess them unlawfully. Accordingly, a base offense level of 29 and criminal history category of IV was deemed appropriate by the court, which provided for a range of 121-151 months of incarceration. Upon further contemplation, and acknowledgement that the offense carried a 120-month statutory maximum, the court applied a downward variance of four levels and sentenced Pawlak to 105 months.

burglary offense [wa]s no longer a qualifying conviction," and did not warrant the enhancement previously applied to him as a defendant with two prior felony convictions for crimes of violence or controlled substance offenses under U.S.S.G § 2K2.1(a)(1). *Pawlak*, 822 F.3d at 911.

Next, the court addressed, on the merits, Pawlak's second contention that the district court improperly applied the four-level enhancement for trafficking a firearm to his offense calculation. U.S.S.G. § 2K2.1(b)(5) provides, "[i]f the defendant engaged in the trafficking of firearms[,]" application of a four-level enhancement is permissible. To prove that the defendant engaged in the trafficking of a firearm, the government must show:

> (A)... the defendant[,]
>
>> (i) transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and
>> (ii) knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual
>>
>>> (I) whose possession or receipt of the firearm would be unlawful; or
>>> (II) who intended to use or dispose of the firearm unlawfully.

U.S.S.G. § 2K2.1 cmt. n.13. At the initial sentencing, the district court found that Pawlak "certainly had reason [] to know that [he] w[as] selling to someone who could not lawfully possess or receive these weapons." The court pointed to several factors, including the quantity and type of firearms exchanged, the price at which they were sold, and the individual to whom they were sold, which provided sufficient circumstantial evidence for the court to find by a preponderance of the evidence that the four-level enhancement was applicable to Pawlak's offense calculation.

On appeal, this court concluded that the district court's reasoning was sound, and affirmed the application of Section 2K2.1(b)(5) to Pawlak's calculation. We then concluded "for the reasons stated in Part III[,]" which discussed the unconstitutionality of the residual clause,

Case No. 16-4015, *United States v. Pawlak*

that Pawlak's sentence must be vacated "[b]ecause Pawlak's third-degree burglary offense is no longer a qualifying felony for purposes of Guidelines § 2K2.1(a)(1)," and remanded for resentencing. *Pawlak*, 822 F.3d at 913.

On remand, the district court held a resentencing hearing, during which it acknowledged receipt of memoranda filed by both parties regarding resentencing and the scope of the remand. The court also permitted defense counsel to offer evidence and argument by way of oral proffer during the hearing. After consideration of the memoranda and careful review of this court's opinion on direct appeal, the district court determined that, in light of this court's holding in Part III of the appellate opinion, the remand was limited to resentencing on that issue alone. Accordingly, the district court maintained its prior determination that the four-level enhancement for trafficking a firearm was appropriate and sentenced Pawlak to 71 months of incarceration, in accordance with the recommendation of the probation office's revised presentence investigation report. In the present appeal, Pawlak challenges the district court's interpretation of the remand mandate as limited, and the court's denial of a full resentencing hearing.

## II.

We review the interpretation of a mandate de novo. *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997). Pursuant to the mandate rule or the law of the case doctrine, "upon remand of a case for further proceedings after a decision by the appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal . . . implement[ing] both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994).

Case No. 16-4015, *United States v. Pawlak*

"Unless otherwise specified, a remand order is presumed to be general." *United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012) (citing *United States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003); *Moore*, 131 F.3d at 598). "A limited remand must convey clearly the intent to limit the scope of the district court's review." *United States v. Campbell*, 168 F.3d 263, 267 (6th Cir. 1999).

### A.

As the court noted in *Campbell*, no definitive set of criteria has been established to determine whether a remand is appropriately construed as limited; however, over time, we have delineated several indicating factors. 168 F.3d at 266.

We have made several indications of what language suffices to demonstrate the requisite "intent" for a district court to limit its scope of review on remand. In *Moored*, the court instructed that we consider: (1) "whether the [] issue was expressly or impliedly decided by this court in Defendant's first appeal, and . . ." (2) "whether this court's mandate to the district court was so narrow in scope as to preclude the district court from considering the [] issue." 38 F.3d at 1421. Section IV of this court's earlier opinion in this case affirmatively answers the first question. Therefore, our focus must be directed to the language used to articulate the court's intended scope of review.

> Perhaps our narrowest interpretation of the limited remand is reflected in *McFalls*:
>
> A limited remand must explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate. . . . It must convey clearly the intent to limit the scope of the district court's review. . . . This intent is achieved by outlining the procedure the district court is to follow, articulating the chain of intended events with particularity, and leaving no doubt as to the scope of the remand. . . . The language used to limit the remand should be unmistakeable [sic].

Case No. 16-4015, *United States v. Pawlak*

*McFalls*, 675 F.3d at 604 (citing *United States v. Gibbs*, 626 F.3d 344, 350-51 (6th Cir. 2010)) (quoting *Campbell*, 168 F.3d at 268).

Under the instruction of *McFalls*, one might misconstrue our analysis of a court's intent on remand to be limited to the "explicit[]" and "unmistakable language" articulated by an appellate court's mandate, rather than an analysis that evaluates the language articulated in conjunction with a contextual consideration of the opinion, *in toto*. *See United States v. O'Dell*, 320 F.3d 674, 681 (6th Cir. 2003) ("[T]he language must be read with the analysis offered in the opinion.") (citation omitted).

Where no language or contextual indication suggests that the district court's review should be constrained, the case law is clear – the case must be reviewed "anew[,]" i.e., de novo. *United States v. Duso*, 42 F.3d 365, 368 n.2 (6th Cir. 1994). However, where, as here, the court has made its intent clear by its resolution of all other issues on appeal, accompanied by limiting language, limited remand is indicated.

The language of the mandate at issue in this case reads as follows:

> For the reasons stated in Part III, we vacate Pawlak's sentence. Because Pawlak's third-degree burglary offense is no longer a qualifying felony for purposes of Guidelines § 2K2.1(a)(1), he must be resentenced consistent with this decision. We remand for resentencing.

*Pawlak*, 822 F.3d at 913.[3] In *O'Dell*, we affirmed that limited review of the following mandate was appropriate:

> Thus, we VACATE the judgment of sentence entered by district court and REMAND for re-sentencing without application of the safety valve.

---

[3] The district court's interpretation of this mandate as limited was appropriate, even in the absence of our explication of further direction on remand, particularly where, as here, the "chain of intended events" is non-complex. *See United States v. Kennedy*, 683 F. App'x 409, 420 (6th Cir. 2017) (McKeague, J., dissenting) ("But given that we found the district court did everything right the first time, save considering the [remanded] argument, what else needed to be said?").

Case No. 16-4015, *United States v. Pawlak*

320 F.3d at 680. We find the mandate in this case to be equally instructive and narrow in scope as that affirmed in *O'Dell. See also Black v. Carpenter*, 866 F.3d 734, 741 (6th Cir. 2017) (affirming limited remand) ("We therefore VACATE the district court's denial of [defendant's] claim and REMAND the case for it to review the record based on the standard set out in *Coleman* and consistent with this opinion.").

In addition to our consideration of the explicit language, the court's intent was clear from the full analysis of both issues raised by Pawlak on appeal and the narrow instruction that the matter be remanded for the limited purpose outlined in Part III of our earlier opinion. It is evident, after resolving the enhancement question on the merits, that the court's sole reason for remanding the matter for resentencing was to permit the district court to reconsider whether Pawlak's burglary offense qualified as a felony under Guidelines § 2K2.1(a)(1), post-*Johnson*. Had the court intended for the issue of the four-level enhancement be considered de novo by the district court, the opinion could have included "Part IV" as an additional ground for remand. *See Pawlak*, 822 F.3d at 904-911 (Part III).

We acknowledge the need for courts to instruct with particularity. As we stated in *Campbell*, "[t]he goal of achieving judicial economy through the use of limited remands becomes futile if appellate court drafting imprecision too frequently results in parties appealing the scope of the remand itself." *Campbell*, 168 F.3d at 268. However, we are hesitant to impose a requirement of a pre-approved "limiting phrase" to every opinion or order that we intend to be narrowly remanded. The use of the limited remand would be rendered equally futile if limiting intent within the larger context of an opinion was overlooked while in search for an explicit procedural directive. Under a full contextual review of the opinion in *Pawlak*, to interpret this court's mandate as anything more than a limited remand for resentencing in light of the Supreme

Court's decision in *Johnson* would be contrary to the court's intent, as exemplified by its complete analysis of the issues challenged on appeal, and contrary to the larger "purpose of the [mandate] rule—encouraging finality and discouraging wasteful litigation." *O'Dell*, 320 F.3d at 680.[4]

**B.**

Next, we address Pawlak's contention regarding the law of the case doctrine. The principle of the law of the case doctrine "generally preclude[s] a lower court from reconsidering an issue expressly or impliedly decided by a superior court." *Moored*, 38 F.3d at 1421; *see also O'Dell*, 320 F.3d at 679. Pawlak however argues that this principle does not apply when a case has been remanded to the district court for resentencing.

Pawlak cites *Duso* for the proposition that ". . . an order vacating a sentence and remanding the case for resentencing directs the sentencing court to begin anew, so that fully de novo resentencing is entirely appropriate . . . ." 42 F.3d at 368 n.2 (internal quotations and citation omitted). *Duso* and other cases discussing the district court's authority on remand, recognize that the district court is afforded *discretion* to review issues previously addressed and decided by an appellate court de novo, rather than mandated to do so. *See Moored*, 38 F.3d at 1422 ("[S]everal circuits have given broad discretion to the district court to reconsider sentencing factors on a sentencing remand."); *United States v. Jennings*, 83 F.3d 145, 151 (6th Cir. 1996) ("[T]he District Court *may* revisit other findings relating to the previous sentencing proceedings, and reverse its prior findings.") (emphasis added); *Campbell*, 168 F.3d at 266 ("The

---

[4] Moreover, even if this case was remanded for resentencing, Pawlak would likely receive a sentence comparable to, if not greater than, the one originally imposed by the district court, given the Supreme Court's abrogation of our decision in *Pawlak*. *See Beckles*, 137 S. Ct. at 892. The government would no doubt propose that the original career offender enhancement be reapplied to Pawlak's offense calculation. *See McFalls*, 675 F.3d at 607 (6th Cir. 2012) (acknowledging the calculated risk of appealing a sentence computation); *United States v. Hughes*, 733 F.3d 642, 654-55 (6th Cir. 2013) (observing that, on resentencing, the district court generally applies the Guidelines as they existed at the time of the *original* sentencing, unless doing so would be unconstitutional).

Case No. 16-4015, *United States v. Pawlak*

policy underlying the presumption of de novo resentencing is to give the district judge *discretion* to consider and balance all of the competing elements of the sentencing calculus." (emphasis added)). Here, the district court, recognizing its authority to review the entirety of Pawlak's appellate issues de novo, thoroughly reviewed the underlying opinion, heard additional evidence and argumentation at resentencing and ultimately determined that the merits of the issue regarding the four-level enhancement were decided on appeal, and need not be reviewed anew on remand. We see no error in the exercise of the district court's discretion.

## C.

Last, Pawlak challenges the district court's failure to conduct an evidentiary hearing at resentencing. Given our conclusion with regard to the appropriately limited scope of action conducted by the district court on remand, Pawlak was not entitled to reargue the application of the enhancement at resentencing. Nevertheless, the district court "permitted the parties to proffer the evidence it would have presented had the district court permitted a full resentencing hearing[,]" in order to determine whether, even on limited review, Pawlak could demonstrate that "substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice[,]" warranted the exercise of the district court's discretion to expand review on remand. *Moored*, 38 F.3d at 1421.[5] Finding none, the district court resentenced Pawlak pursuant to the limited instruction of this court. Thus, on the facts presented in this case, Pawlak can hardly demonstrate any prejudicial effect that may have resulted from the district court's limited review

---

[5] At the resentencing hearing, the district judge reviewed the resentencing memorandum of the government, which incorporated its original memorandum, and the resentencing memorandum filed by defense counsel, which addressed Pawlak's new evidence and arguments. The district court also heard oral proffers by both parties in support of their contentions regarding the applicability of U.S.S.G. § 2K2.1(b)(5). Subsequently, the district court addressed the discrepancies raised by Pawlak with regard to certain evidence proffered by the government and relied upon by this court on appeal, but ultimately found that there was "still ample evidence to support the finding of the trafficking enhancement . . . ."

of his sentence without a full resentencing hearing, where the issue of the enhancement's application was effectively reviewed anew by the district court and still determined to be applicable.

Therefore, there was no error in the district court's interpretation of the remand mandate as one limited to reconsideration of Pawlak's sentence in light of *Johnson*. Additionally, no evidentiary hearing was required on limited remand. *See United States v. Garcia-Robles*, 640 F.3d 159, 166 (6th Cir. 2011); *United States v. Hunter*, 646 F.3d 372, 375-76 (6th Cir. 2011).

### III.

For the reasons set forth in this opinion, the judgment of the district court is **AFFIRMED**.